David C. Wakefield, Esq.    Bar #: 185736
Law Offices of David C. Wakefield
10620 Treena Street, Suite 230
San Diego, CA 92131
Telephone:  619.241.7112; Facsimile:  619.342.7755
E-mail:    dcw@DMWakeLaw.com;  wakefieldlawassistant@gmail.com

Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED AFRICAN-ASIAN ABILITIES CLUB, ON BEHALF OF ITSELF AND ITS MEMBERS; JESSIE JAMES DAVIS IV, An Individual**<br><br>                        Plaintiffs,<br><br>        v.<br><br>**CENTRALIA APARTMENTS, INC.; AND DOES 1 THROUGH 10, Inclusive**<br><br>                        Defendants. | **Case No:**<br><br>**COMPLAINT**<br><br>**DISCRIMINATORY PRACTICES**<br>**[US Fair Housing Act of 1988** [42 U.S.C. §§ 3600 et seq, §3604(c), §3604(f)(1-3), et seq.; CA Government Code 12925, 12927, 12955; CA Civil Code §§ 51, 52, 54.3**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1.     Plaintiffs make the following allegations in this civil rights action:

### JURISDICTION AND VENUE

2.     The federal jurisdiction of this action is based on the 42 U.S.C. §§ 3601, 3604 et. seq. - the U.S. Fair Housing Act Amendments of 1988 (Defendants' apartment property consist of four (4) or more residential units), and 42 U.S.C. § 12101 et. seq., the federal Americans With Disabilities Act.  Venue is proper in this United States District Court for the Central District of California pursuant to 28

1

U.S.C. § 1391(b), because a substantial part of Plaintiffs' claims arose within said Judicial District.

## SUPPLEMENTAL JURISDICTION

3.     This United States District Court for the Central District of California has supplemental jurisdiction over the California state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).

## NAMED DEFENDANTS AND NAMED PLAINTIFFS

4.     The term Plaintiffs as used herein specifically include the corporate Plaintiff entity known as the United African-Asian Abilities Club, On Behalf Of Itself And Its Members (hereinafter referred to as "Club" or "UAAAC"); and the individual Plaintiff Jessie James Davis IV (hereinafter referred to as "Davis" or the "named Individual Plaintiff".   The Plaintiff Club and Plaintiff Davis are sometimes collectively referred to as the "named Plaintiffs" or "Plaintiffs".

5.     Plaintiff United African-Asian Abilities Club (UAAAC) is registered and in good standing as a Nevada non-profit corporation.  The named individual Plaintiff Davis is a member of the Plaintiff Club organization.  Members of Plaintiff Club referred to herein below, but are not named as plaintiffs are Mary Wambach, Theodore Pinnock, Jessie James Lee, and Jack Pinnock.

6.     Plaintiffs are informed, believe, and thereon allege that named Defendant CENTRALIA APARTMENTS, INC. is the operator of the apartment rental business known as Centralia Apartments located at 21114 Pioneer Blvd Lakewood, CA 90715. Plaintiffs are informed, believe, and thereon allege that Defendant CENTRALIA APARTMENTS, INC. is the owner, operator, and/or lessor of the real property located at 21114 Pioneer Blvd Lakewood, CA 90715 (hereinafter referred to as the "Property").

7.     Defendant CENTRALIA APARTMENTS, INC. is, and at all times mentioned

2

herein were, a business or corporation or franchise, organized and existing and/or doing business under the laws of the State of California. Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, and/or agents of the named Defendants.

## CONCISE SET OF FACTS

8.      The named Individual Plaintiff Davis has cerebral palsy, uses a wheelchair for mobility, and is unable to walk any distance.  Plaintiff Davis also has limited mobility in his hands and upper body.  Plaintiff Davis is also a member of the Plaintiff Club.   The individual Plaintiff Davis had a specific date in February, 2019 in March, 2019, and in April, 2021, wherein he intended to go the Defendant's Property to access Defendants' rental services.   Plaintiff Davis has actual knowledge of the overt and obvious physical and communication barriers at Defendants' Property.  Plaintiff Davis determined that the open and obvious physical barriers that exist at Defendants' Property directly related to his disabilities, and that it would be impossible or extremely difficult for him to physically access Defendants' on-site rental services.  Plaintiff Davis had knowledge and determined that it would be futile gesture for him to go to the Property.  The named Individual Plaintiff Davis was deterred by his actual knowledge of the physical and communication barriers that exist at Defendants' Property and website.  See ¶¶ 25.

9.      The named Individual Plaintiff attempted to use Defendants' website to access Defendants' online rental services, but had great difficulty due to his disabilities. The named Individual Plaintiff also could not determine from Defendants' website content whether Defendants' rental office and common areas were physically accessible to him.  The named Individual Plaintiff requested that Plaintiff Club assist him to obtain information regarding the physical accessibility of Defendants' on-site office where Defendants' offer its rental services.  In response to the named

3

Individual Plaintiff's request, Plaintiff Club sent one of its members to Defendants' physical on-site office.  The named Individual Plaintiff personally reviewed all the information and photographs of Defendants' property.  As a result, the named Individual Plaintiff has actual knowledge of the overt and obvious physical and communication barriers at Defendants' Property.  The named Individual Plaintiff determined that the open and obvious physical barriers that exist at Defendants' Property directly related to his disabilities, and that it would be impossible or extremely difficult for him to physically access Defendants' on-site rental services.  See ¶¶ 25.  The named Individual Plaintiff had actual knowledge and determined that it would be futile gesture for him to go to the Property.  The named Individual Plaintiff was deterred by his actual knowledge of the physical and communication barriers that exist at Defendants' Property and website.  The named Individual Plaintiff made a written request to Defendants' for an accommodation to have equal access to Defendants' rental services and to eliminate the communication and physical barriers to Defendants' rental services, both online and at the property.   At the end of this action, the named Individual Plaintiff intends to return to Defendants' website and physical rental office location to obtain rental information and verify that the communication and physical barriers to Defendants' rental services are removed.

10.     The named Plaintiff Club is an organization that advocates on the behalf of its members with disabilities when their civil rights and liberties have been violated. Plaintiff Club investigated Defendants' websites and apartment Property in February, 2019, in March, 2019, and in April, 2021.  Plaintiff Club member Sharon Riguer investigated the Property on the Internet websites.  Club member Theodore Pinnock also investigated the property. The results of the research from Club Member Sharon Riguer are contained in the Exhibit B to this Complaint.  Club members ascertained that Defendants' rental services at

COMPLAINT
CASE #

Defendants Property were not physically accessible to Davis by a Club member who went to Defendants' apartment Property, and said Club member attempted to access Defendants' on-site rental services.

11.     Plaintiff Club diverted its time and resources from its normal purposes because of Defendants' service, policy, program and physical barriers to Defendants rental services at Defendants' websites and Property.  Club personnel conducted detailed Internet searches to determine if Defendants provide large print, deaf interpreter, therapy animal, the required reasonable accommodation policy, and required reasonable modification policy.    Further, the Club retained contractors to investigate said policies, to survey the property, to photograph the property, to investigate when the Property was constructed, to investigate the Property ownership and to have an access report prepared.  Plaintiff Club also diverted staff to investigate Defendants' Internet presence to determine compliance with the FHA and ADA. Plaintiff Club also investigated Defendants' written rental materials such as brochures, rental applications and leases. Moreover, Plaintiff Club made an oral investigation to ascertain Defendants' companion animal, deaf interpreter and reasonable accommodation and reasonable modification policies. Plaintiff Club also caused a physical access consultant to be retained to survey Defendants' facility. Plaintiff Club's findings regarding Defendants' rental services and facilities were incorporated into an Access Report. The Access Report also details the known overt and obvious physical access violations at the Property, but it is not intended as an exhaustive list of existing violations.  Due to these necessary activities to investigate, Plaintiff Club's time and resources were diverted from its normal activity.   Plaintiff Club suffered injury and also suffered monetary damages due to the diversion of the Club's resources from its normal purposes.

5

COMPLAINT
CASE #

12.     Plaintiff Club members include, but are not limited to, those persons listed below as Club members, along with examples of their individual disabilities. Plaintiff Club member Mary Wambach has complete deafness. In addition to other methods, Wambach uses video phone texting to communicate. Member Wambach went to Defendants' websites to find video texting, TTY, the California Relay System or any other way of texting Defendants. Member Wambach did not find any such communication method on Defendants' website. Video phone texting requires an internet connection and requires the recipient to have an interpreter online. Wambach alleges that Defendants have the resources to provide one or more of the alternate communication services.  Club member Mary Wambach is not a named plaintiff.  Plaintiff Club member Theodore Pinnock has cerebral palsy and uses a wheelchair for mobility.  Pinnock also has severe speech impediment. He uses texting to communicate with people that do not know him. Pinnock went to Defendants' websites for the apartments. Mr. Pinnock did not find any way to text Defendants concerning the apartments. Mr. Pinnock is a former licensed lawyer residing outside California.  Mr. Pinnock needs to move back to California for numerous family reasons and to meet California State Bar reinstatement requirements. Mr. Pinnock has a US Skype number and a cellphone for texting. Moreover, Mr. Pinnock has the capability to text online. Mr. Pinnock attempted to text Defendants, but he was not able to text the Defendants about the apartments. Club Member Theodore Pinnock is not a named Plaintiff.   Plaintiff Club member Jack Pinnock. Jack Pinnock is an officer of Plaintiff Club. Jack Pinnock has an impaired vision or low vision disability. Jack Pinnock requires large print on websites. The websites managed by the Defendants contain small print at the bottom pages of the websites. Jack Pinnock had difficulty reading the print.  Club member Jack Pinnock is not a named plaintiff.  Plaintiff Club member Jessie James Lee. Lee

6

is a member of Plaintiff Club. Lee has an impaired vision disability. Lee requires large print on websites. The websites managed by the Defendants contain small print on each of the bottom pages of the websites. Lee had difficulty reading the print. Club member Jessie James Lee is not a named plaintiff. Plaintiff Club member Robert A. McKissick has cerebral palsy, he uses a wheelchair for mobility, and he also has severe speech and vision disabilities.

13. Plaintiffs allege that Defendants control, operate, and maintain web pages at different apartment websites where Defendants offer its rental services. Additionally, Defendants have a physical office location at the Property where they also offer their rental services. Plaintiffs allege that Defendants' websites have a close nexus to Defendants' on-site rental services because the websites refer to Defendants' rental services that are offered at Defendants' actual physical rental office. Therefore, Plaintiffs allege that the websites are also places of public accommodation. Defendants control the websites to the extent that Defendants can change the website content to make modifications to comply with the FHA and ADA. Therefore, Plaintiffs allege that Defendants can modify the content of Defendants' websites to improve access for Plaintiffs and people with disabilities.

14. In this case, the named Plaintiffs allege that the Defendants failed to provide a TTY number or the text messaging system for Plaintiffs and other people that are deaf or people with speech conditions. Plaintiff Club member Wambach is deaf and both Wambach and Theodore Pinnock have a speech disability. Moreover, Plaintiff Club alleges that the Defendants did not modify their websites to eliminate non-readable text to allow the blind and people with low vision to use the screen reader software to access the information on the website, yet they also failed to use large print on their websites. See Exhibit B to this Complaint. Plaintiffs assert that most popular screen reader programs are called Jobs Access With Speech or "JAWS" and

7

Apple's VoiceOver Software.  Defendants actions discriminate against Plaintiff Club, specifically Club members James Lee and Jack Pinnock, who both have low vision disabilities. Each of the Club members above cannot use the websites controlled by the Defendants.  Modifications to Defendants' websites will not fundamentally alter the rental services provided and will also not cause an undue burden to Defendants, because the cost is less than One Thousand Dollars ($1,000).

15.     In February, 2019, in March, 2019, and on April 1, 2021, Plaintiff Club attempted to make a request to the Defendants for reasonable accommodation at the Property.  On March 28, 2019, the named individual Plaintiff Davis and Plaintiff Club emailed to the Defendants a written request for a reasonable accommodation. In March, 2019, and in April, 2021, Plaintiff Davis and Plaintiff Club, mailed a written request for a reasonable accommodation.  Defendants failed to respond to both Plaintiffs requests for reasonable accommodation as of the date of the filing of this Civil Complaint.

16.     Plaintiffs are not able to access Defendants rental services due to existing overt and obvious communication and physical barriers to access Defendants' rental services both at its online website and at the onsite physical office.  Due to the overt and obvious physical barriers as alleged herein below, which are required to be removed, Plaintiffs requested that Defendants accommodate them to provide access to Defendants' rental services.

17.     The named Plaintiffs allege that an accommodation is also obvious when a whole group of the protected persons requires it. For example, when the public without disabilities are required to get up to a second level, the public would be very disturbed if they were required to request steps to go up to second level. When the accommodation is specific to a particular person with a disability, then that person may be required to make a request, because the accommodation is not obvious.

8

COMPLAINT
CASE #

18.     Plaintiffs allege that they are not required to make a request for reasonable accommodation and for auxiliary aids when the barriers to communication are overt and obvious.  However, in the present case, Plaintiffs did make such requests for accommodation to eliminate overt and obvious barriers to its rental services communications.  Plaintiffs allege that providing effective contact information for Defendants' rental services on the internet is an obvious accommodation. The general public does not need to request a contact number from the Defendant apartment owner or operator when they desire to rent a place. Defendants provide the contact number on their website. Therefore, Plaintiffs allege that Defendants are required to provide the obvious accommodation of effective communication for people that are deaf or with speech impediment on their website without a request. Defendants must make their rental services accessible without the need for a prior request. Furthermore, Defendants have a duty to remove architectural barriers and communication barriers to their rental services without request.

19.  Plaintiffs allege that there is disparate treatment on the internet related to the amenities being offered to people without disabilities and people with disabilities. All the below facts and the facts stated elsewhere herein have a disparate impact on the disability community.   The named Plaintiffs experienced and have knowledge of the below facts that the Plaintiffs ascertained from Defendants' websites. Defendants operate an apartment property. The property is located at 21114 Pioneer Blvd, Lakewood, CA 90715.  The property was built in 1972 and has 2 stories with 64 units. The rent is approximately: 3 Bedrooms $1,700.  The internet provides a wealth of information regarding the property. The internet advertises that the property has amenities that include: Dogs and Cats Allowed, $100 Deposit, $25 Monthly Pet Rent, Birds and Fish Allowed, Parking Surface Lot 2 spaces for 3 bedroom, Covered 1 space, Laundry Facilities, Controlled Access, Playground, High Speed Internet

9

Access, Heating, Smoke Free, Kitchen, Oven, Refrigerator, Balcony, Controlled Access.  The property advertises on apartments.com, apartmenthomeliving.com, apartmentfinder.com, yelp.com, apartmentguide.com, zillow.com, rent.com, westsiderentals.com.  It is very important to know that on apartments.com, apartmenthomeliving.com, apartmentfinder.com, apartmentguide.com, rent.com, there is the equal housing opportunity logo.  The plaintiff alleges that there is disparate treatment on the internet related to the amenities being offered to people without disabilities and people with disabilities. For example, the tow signage was not installed. The accessible parking space had an access aisle, which was not van accessible. The aisle did not have the "no parking" included in the access aisle. The office had a high threshold. There was no International Symbol of Accessibility signage.  The Internet does not state the accessible amenities at all.  Also, the statement the "equal housing opportunity statement" is misleading. In fact, the property is not completely accessible. All the above facts and the facts stated herein have a disparate impact on the disability community.

20.     On Defendants' websites, they allow the public without deafness and without speech impairments to participate by providing them with a telephone number to call. However, Plaintiff Club members that are deaf and or with speech impairments are denied equal access to participate because the Defendants do not have any effective communication.

21.     Defendants provide websites for people without disabilities to benefit from the rental services without going to the apartments to learn about the properties. However, for people with disabilities that require the access to the facility, the Defendants do not provide any information on the websites regarding if the rental office is accessible. Moreover, the Defendants provide the telephone number for the public to call to inquire about the rental services without providing any effective

COMPLAINT
CASE #

alternative communications for Plaintiffs and other people that are deaf or have speech impairments.

22.     For people without disabilities, the Defendants provide all of the information on their websites. For Plaintiffs with disabilities, Defendants require them to travel to the Property to determine if it is accessible, then require them to request the effective communication, and then thereafter to request a reasonable accommodation to the overt and obvious communication barrier. Therefore, Defendants require Plaintiffs and other people with disabilities to suffer a separate benefit.

23.     Additionally, the named Plaintiffs are alleging photograph discrimination related to the physical access of each of the apartments within Exhibit B to this complaint. The purpose of Defendants' internet photographs is to entice perspective renters to apply online or to contact the Defendants to rent a place. Defendants' internet photographs only entice people without mobility disabilities. Defendants' internet photographs exclude any photographs of any accessible features that would aid the Plaintiffs. For example, there is no photograph of accessible parking. There are no photographs of the accessible route to the rental office. There are photographs of the accessible route to the manager's office. There are no photographs related to the access to get into and use the rental or manager's office. There are no photographs related to the accessible route of the common area. There are no photographs of the accessible units. In fact, all the photographs lead a person with a mobility disability to believe that the apartments are not accessible, or that they must have someone go to the properties to make sure it is accessible. However, people without disabilities are not required to go to the Property to see if it is accessible.

24.     Defendants websites and Defendants' rental services are not integrated for people with disabilities as required.  Plaintiffs are required to request an accommodation.  People without disabilities can access the websites and the rental

11

services without any problem, but Plaintiffs and other people with disabilities are required to request for separate rental services. People with mobility conditions are not integrated when using the websites because they must go to the apartments to determine if they are accessible, but people without disabilities need only access Defendants' websites to determine they can use them. People that are blind and with low vision disabilities must request help to read the website information because the printed information is too small, but people without disabilities can access the websites without asking for help. Plaintiffs and other people with deafness or people with speech condition must ask for help calling the number on the websites, because Defendants fail to provide a TTY number to contact, or Defendants fail to provide a texting system.  Defendants discriminated against the Plaintiffs.

25.     Plaintiff Club member went to Defendant's apartment facilities at the Property in February 2019, in March 2019, and in April, 2021, to access the rental services. With respect to Defendants' rental services located in the office at the Property, the named individual Plaintiff determined that overt and obvious architectural barriers and communication barriers exist that relate to his disabilities, that include but are not limited to, the following: The Named Individual Plaintiff has actual knowledge of Defendants' overt and obvious physical barriers, that relate to this Plaintiff's disabilities, to Defendants' Property on-site office that provides rental services that this Named Individual Plaintiff intended to visit but this Plaintiff was deterred from accessing Defendant's rental services at the office located on the Property. Defendants provide rental information, rental applications, and other rental services at the on-site office.  Defendants' agents confirmed to the Plaintiffs that rental information, rental applications, and other rental services were available at the on-site office.  Defendants' rental services at the Property office are not accessible. Defendants' path of travel from the sidewalk to the office is not accessible since it

12

has a steep slope without the required handrails, an entry gate that fails to provide the required smooth surface along the bottom edge of the door, and the callbox at the gate is located too high.  Additionally, Defendants' office entrance is not accessible due to a step change in level at the office door threshold that is not beveled or ramped.  The Named Individual Plaintiff uses a wheelchair for mobility and these entry gate, callbox, and step changes in level cause the path of travel and the office entry to be not accessible.  Defendants failed to provide any directional signage indicating an alternate accessible path of travel to the office.  Defendants failed to provide the required fully compliant van accessible disabled parking for the office. Defendants failed to provide a dimensionally compliant van accessible disabled parking space and disabled parking access aisle, and the required disabled parking signage, including tow away signage, fine signage, and ground markings. Defendants also failed to provide compliant tow away signage. The Named Individual Plaintiff requires the use of a compliant van accessible disabled parking space to safely exit and re-enter the vehicle.   Defendants' failure to provide the required compliant disabled parking, disabled parking access aisle, disabled parking disability signage, access aisle, and disability ground markings, such that the Named Individual Plaintiff is not able to safely park at Defendants' establishment since the individual Plaintiff may be precluded from exiting or re-entering the vehicle if the disabled parking and disabled parking signage is not present and others park improperly.  Additionally, Defendants failed to provide the required accessible path of travel from the parking area to the office since the existing path of travel has a step change in level along the path.  Additionally, Defendants overt and obvious communication barriers were also present at the office in February, 2019, in March 2019, and in April, 2021. Defendants failed to provide any method of text communication with their rental services and failed to publish any information as to

COMPLAINT
CASE #

how to initiate text communication contact.  The Named Individual Plaintiff had actual knowledge of these barriers at Defendants' Property that Plaintiff intended to visit, and the Named Individual Plaintiff was deterred from accessing Defendants' rental services at the Property. See Property photos in Exhibit B.

26.     Plaintiff Club and the named Individual Plaintiff desire to make sure that Defendants' rental services at Defendants' physical office location and Defendants' websites are fully accessible to Plaintiff Club's members, the named Individual Plaintiff, and other people with disabilities. Plaintiff Club, its Club members, and the named Individual Plaintiff all have actual knowledge of Defendants' discriminatory conditions, and they are currently deterred from attempting further access until the barriers are removed.  Plaintiff Club and the named Individual Plaintiff intend to return to Defendants' Property and Defendants websites at the end of this action to obtain rental services, and to verify that the communication and architectural barriers are removed.  The named Plaintiffs' intent to return is genuine.  In this case, Plaintiff Club has numerous members residing near Defendants Property.  Plaintiff Club's members have actual knowledge of the discriminatory conditions as alleged herein when the Plaintiff Club investigated the Property and the rental services and determined that the Club members would not be able to use the rental services due to the discriminatory conditions.  Therefore, Plaintiff Club members were and are deterred from visiting the properties.  Plaintiff Members were not required to actually visit the properties.  See *Civil Rights Education & Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017).  However, a member of Plaintiff Cub did visit and attempt to access Defendants' rental services at Defendants' physical office at the Property.   Plaintiff Club and the individual Plaintiff have specific plans to visit at the conclusion of this case to obtain rental information and to verify the Defendants ceased its discriminatory conduct by

14

removing communication and physical barriers to access to the rental services.

## DISCRIMINATORY PRACTICES IN HOUSING ACCOMMODATIONS – FAIR HOUSING ACT CLAIMS

27.    FHA Standing:

Based on the facts plead at ¶¶ 8 - 26 above and elsewhere herein this complaint, Defendants discriminated against Plaintiffs in violation of FHA sections § 3604(f)(1- 3) and 42 § 3604(c), as further detailed below. As a result, the present named Plaintiffs suffered injury as a result of Defendants discriminatory actions, and named Plaintiffs now pray for damages, injunctive relief, declaratory relief, and other relief as hereinafter stated.  The Federal Fair Housing Act applies to Defendants' apartment complex since it has more than 4 residential units.  FHA standing is substantially broader than standing under the ADA due to the critically important need of adequate availability of housing for the disabled.   A potential plaintiff is not even required to have an interest in renting a particular property or dwelling to have standing.  *Smith v. Pacific Properties and Development Corp*, 358 F.3d 1097, 1099 (9th Cir 2004) [Testers have standing to bring Fair Housing Act claims, *Id* 1099, 1104]. Under the Act, any person harmed by discrimination, whether or not the target of the discrimination, can sue to recover for his or her own injury. *See Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205, 212, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972). "This is true, for example, even where no housing has actually been denied to persons protected under the Act." *San Pedro Hotel v City of Los Angeles,* 159 F.3d 470, 474-475 (9th Cir 1998).  In the present case, the named Plaintiffs alleged they suffered the injury of discriminatory conduct by Defendants, and that the named Plaintiffs suffered monetary and other damages as a result.  The named Plaintiffs seek injunctive relief as well as damages, both of which are available under 42 USC § 3613(c).  Assuming *arguendo* in the present case, that

15

prospective injunctive relief was not available to Plaintiffs due to mootness or otherwise, which Plaintiffs dispute; the named Plaintiffs are still permitted to recover damages under their federal FHA claims.  *Harris v Itzakhi*, 183 F.3d 1043, 1050 (9th Cir 1999) [During the appeal in *Harris* case, the plaintiff therein moved Three Thousand (3000) miles away and her injunctive claims became moot.  However, Plaintiff's claim for damages survived and was not affected].  In the present case, while Plaintiffs can satisfy the injunctive relief prudential standing requirements, the above Ninth Circuit *Harris* court authority makes it clear that those prudential standing requirements for injunctive relief are not applicable to Plaintiffs FHA damage claims.  Hence, in the present case, Plaintiffs damage claims survive even if prospective injunctive relief is not available.  The present Plaintiff Club has organization standing separately on its own under the FHA.  Additionally, under the FHA, Plaintiff Club has associational standing to assert its Club member claims since it only seeks injunctive and declaratory relief as to its Club members.  Plaintiff Club and the named Individual Plaintiff have standing with respect to the following FHA claims.

CLAIM I:  Discrimination In Violation of 42 § 3604(f)(1) - Failure To Have A Policy For Receiving Prospective Tenant Accommodation Requests, Failure To Train Staff, And Failure To Make The Policy Known To The Plaintiffs

28.    Based on the facts plead at ¶¶ 8 - 26 above and elsewhere herein this complaint, the named Plaintiffs suffered discrimination by Defendants in violation of this FHA section.  This FHA statute states it is unlawful to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter; (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or… §3604(f)(1) [emphasis added].  See *Texas Dept. of Housing and Community Affairs*

16

*v Inclusive Communities Project*, 135 S.Ct. 2507, 2519 (2015) [FHA statutory scheme permits disparate impact claims, and those type of claims do not require intent].  due to Defendants' communication and architectural barriers, Defendants discriminated against Plaintiffs by failing to have a policy, practice, or method for Plaintiffs to make a reasonable accommodation request for equal access to their rental services on their website or at their on-site office at the Property. Defendants have an affirmative duty to have a policy, process to receive such accommodation requests and to respond to said requests. See *Giebeler v. M & B Associates*, 343 F.3d 1143 (9th Cir. 2003).  As a result, Defendant caused Plaintiffs to suffer disparate impact discrimination.

CLAIM II: <u>Failure to Engage in Interactive Process In Violation Of The Fair Housing Act And California Fair Employment And Housing Act</u>

29.    Based on the facts plead at ¶¶ 8 - 26 above and elsewhere herein this complaint, Plaintiffs suffered discrimination by Defendants in violation of FHA section <u>§ 3604(f)(1) and § 3604(f)(2)</u>.  Plaintiffs contend that Defendant failed to engage in a good-faith interactive process to determine and to implement effective reasonable accommodations so that Plaintiffs could gain equal access Defendants' rental services, to apply for a lease, or to allow Plaintiffs to access Defendants' physical rental office and apartments.

CLAIM III:  <u>Discrimination In Violation of 42 § 3604(f)(2)</u>

30.    Based on the facts plead at ¶¶ 8 - 26 above and elsewhere herein this complaint, the named Plaintiffs suffered discrimination by Defendants in violation of this FHA section § 3604(f)(2).  This FHA section states "it shall be unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling".  Plaintiffs more specific factual basis for this claim is set forth

17

above at ¶¶23-26 above.  As previously stated, the named Individual Plaintiff was a prospective renter and Plaintiff Club was also seeking rental housing on behalf of the named Individual Plaintiff  ¶¶8 – 26 above.  In the instant case, Defendant's office located on the Property is a "facility" in connection with the rental of a dwelling and the on-site rental services provided within the office fall within the FHA statute.  In the instant case, the named Plaintiffs both assert that Defendant's failure to remove communication and architectural barriers to permit access to Defendant's on-site rental services contained within the office is a separate, independent, actionable violation of this FHA section § 3604(f)(2), even without reference to the ADA as a predicate.  Plaintiffs have alleged that Defendants' Property has overt and obvious physical barriers to access its rental services provided in its on-site office.  See ¶¶25 - 26.  The 9th Circuit *Smith* court stated that the mere observation of overt architectural barriers is actionable.  *Smith* at 1104 ["To read an additional standing requirement into the statute beyond mere observation, however, ignores that many overtly discriminatory conditions, for example, lack of a ramped entryway, prohibit a disabled individual from forming the requisite intent or actual interest in renting or buying *for the very reason* that architectural barriers prevent them from viewing the whole property in the first instance" (emphasis in original)].  The *Smith* court found Defendants liable under this FHA subsection even though that case did not involve ADA Title III claims.  However, Plaintiffs did not just allege that Plaintiff Club observed Defendant's overt architectural barriers, but Plaintiffs alleged that a Plaintiff Club member experienced the barriers, that the named Individual Plaintiff had actual knowledge of Defendants' communication and architectural barriers and Plaintiff Davis was deterred from obtaining equal access to Defendant's office facility and its rental services located therein.  Defendants also discriminated against Plaintiffs by failing to modify its practices and policies to provide access via other methods of access to its rental services contained within the rental office.

18

COMPLAINT
CASE #

Defendant's failure to remove the architectural and communication barriers to access its facilities and the rental services located therein, or to provide an accommodation to provide methods of alternate access to the office facility, providing rental services constitutes the prohibited discrimination, separately and independently. Additionally, Defendant's conduct is also prohibited under ADA Title III and constitutes a second, separate, independent source of discrimination against Plaintiffs in violation of FHA § 3604(f)(2).  Since Defendants discriminatory conduct involves Defendants' rental facilities and its rental services located therein, Plaintiffs assert any discriminatory conduct found in violation of ADA Title III also constitutes prohibited "discrimination" under FHA § 3604(f)(2).

CLAIM IV:  Discrimination In Violation of 42 § 3604(f)(3)(A and B only)

31.    Plaintiffs do not make any claim against Defendants for a failure to "design and construct" pursuant to § 3604(f)(3)(C).  Based on the facts plead at ¶¶ 8 - 26 above and elsewhere herein this complaint, Plaintiffs suffered discrimination by Defendants in violation of FHA sections § 3604(f)(3)(A, B) only.  The FHA requires that "….[f]or the purposes of this subsection, discrimination includes-- (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling…" 42 § 3604(f)(3)(B). See also *Giebeler v. M & B Associates*, 343 F.3d 1143 (9th Cir 2003). Defendants improperly refused Plaintiffs' repeated written and other requests for an accommodation to have equal access to its rental services.

CLAIM V:  Discrimination In Violation of 42 § 3604(c) As To NSA

32.    Based on information, belief, and the facts plead at ¶¶ 8 – 26 above and elsewhere herein, Plaintiffs herein alleges that Defendants caused Plaintiffs to suffer the injury of discrimination since Defendants violated 42 U.S.C. §§ 3604 (c) with respect to its notices, statements, and advertisements ("NSA").  Plaintiffs allege that

19

Defendants discriminated against them when Defendants made, printed, or published, or caused to be made printed, or published notices, statements, or advertisements ("NSA") that suggest to an ordinary reader a preference to attract tenants without disabilities.  Defendants' Internet advertising regarding its rental services has an unlawful disparate impact on Plaintiffs.

SECOND CAUSE OF ACTION : **Violation of California Fair Housing Act**

33.      Failure to Provide Obvious Reasonable Accommodation and Modification: Based on information, belief and the facts stated above at ¶¶ 8 – 26 above and elsewhere in this complaint, Plaintiffs allege that Defendants refused to make reasonable accommodations in rules, policies, practices, or services in violation of CA Government Code sections 12927 and 12955.2, when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy Defendants' rental services.  As stated in detail above, Defendants refused to make reasonable accommodations with the instant Plaintiffs and discriminated against each of them on the basis of disability.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS-  **Claims Under The Americans With Disabilities Act Of 1990**

34.      ADA Standing:

ADA Title III <u>does</u> cover public and common use areas at housing developments when these public areas are, by their nature, open to the general public.  An office providing rental services is open to the general public. (See U.S. Department of Justice - ADA Title III Technical Assistance Section III-1.2000, Illustration 3, rental office covered).  The parking and paths of travel to the rental office are also covered.  *See* Section III–1.2000, ADA Title III Technical Assistance

20

Manual, http://www.ada.gov/taman3.html ("ILLUSTRATION 3: A private residential apartment complex contains a rental office. The rental office is a place of public accommodation").  See *Kalani v Castle Village, LLC,* 14 F.Supp.3d 1359, 1371 *(E.D.Cal, 2014)[* citing *Johnson v. Laura Dawn Apartments, LLC, 2012* WL 33040 at *1 n. 1 (E.D.Cal.2012) (Hollows, M.J.) ("[t]he leasing office of an apartment is a place of public accommodation.] .  In the present case, the named Plaintiffs have sufficiently alleged that Defendants have an office at the Property that provides rental services.  Following prior sister Circuit Courts of Appeals decisions, our Ninth Circuit Court very recently held that an ADA Plaintiff can be only a "tester" and have standing. See *Civil Rights Education & Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093 (9th Cir. 2017) [the Ninth Circuit *CREEC* court held (1) ADA "tester" standing is valid and a Plaintiff's motivation for visit is "irrelevant", and (2) an ADA "deterrent effect doctrine" claim does not require a Plaintiff to have a personal encounter with the barrier to equal access, only to have knowledge of the barrier] citing  *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372–74, 102 S.Ct. 1114  (1982); *Smith v. Pacific Properties and Development Corp*, 358 F.3d 1097, 1102-1104 (9th Cir 2004); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir 2011, en banc); *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335–37 (11th Cir. 2013); *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1210–11 (10th Cir. 2014).  In the present case, the named Plaintiffs each have ADA standing.  Plaintiffs have alleged that Defendants discriminated against Plaintiffs in violation of ADA Title III statutes and regulations as detailed further in the ADA claims stated below.  As a result, the named Plaintiffs have each suffered injury and each seek only injunctive and declaratory relief pursuant to their ADA Claims.

CLAIM I: **Auxiliary Aids – Failure To Effectively Communicate**

35.      42 United States Code 12182(b)(2)(iii) states, "a failure to take such steps as

COMPLAINT
CASE #

may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;..."  Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants violated said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 13 -14, 16-24 above.  The ADA "applies to the services of a place of public accommodation, not services *in* a place of public accommodation. To limit the ADA to discrimination in the provision of services occurring on the premises of a public accommodation would contradict the plain language of the statute." <u>Nat'l Fed'n of the Blind v. Target Corp.</u>, 452 F. Supp. 2d 946, 953 (N.D. Cal. 2006) (emphasis added) (citing *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000) [holding that "whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods and services"]).   An ADA plaintiff may challenge a business' online offerings as well. So long as there is a "nexus"—that is, "some connection between the good or service complained of and an actual physical place"—a plaintiff may challenge the digital offerings of an otherwise physical business. *See Gorecki v. Hobby Lobby Stores, Inc,*_2017 WL 2957736, at *4 (C.D. Cal. June 15, 2017) [Case: CV 17–1131–JFW (SKx)].  The ADA requires the Defendants to provide effective communication to the instant Plaintiffs and to people with disabilities.   In the present case, Plaintiffs experienced and have knowledge that Defendants failed to have a required procedure to provide effective communication. Plaintiffs allege that Defendants failed to train their staff on the way to use the auxiliary aids. Defendants

COMPLAINT
CASE #

did not provide any auxiliary aid and the Defendants did not provide any reasonable accommodation to the overt and obvious communication barriers, and failed to respond to Plaintiffs' requests for accommodation. Plaintiffs are not demanding that Defendants provide a specific reasonable accommodation or a specific auxiliary aid. ADA law allows the Defendants to decide what auxiliary aid and reasonable accommodation will be provided.   In this case, however, Defendants failed to provide any reasonable accommodation for the overt and obvious communication barriers to equal access to their rental services, failed to provide any auxiliary aid, and failed to provide any effective communication. Plaintiffs allege that Defendants' websites provide a contact number for the general public, but Defendants failed to provide Plaintiffs with the required effective communication using texting or other alternate means of communication for Plaintiffs and other people with a deaf condition or a speech condition. Defendants' conduct discriminates against Plaintiff Club's members that have hearing disabilities and Club's members with speech disabilities.  Defendants are required to provide, on Defendants' websites, to provide a method to effectively communicate with Plaintiff Club members that have hearing and speech disabilities, and other people that are deaf or have speech impairments.

CLAIM II: **Denial of Participation**

36.     42 United States Code 12182(b)(1)(A)(i) states, "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that

COMPLAINT
CASE #

Defendants violated said provision.  Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 20-24 above.  Defendants discriminated against Plaintiffs in violation of 42 United States Code 12182(b)(1)(A)(i) and 42 U.S.C. § 12188.

CLAIM III: **Participation in Unequal Benefit**

37.    Defendants provide unequal benefit for people with disabilities in violation of 42 United States Code 12182(b)(1)(A)(ii) and 42 U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against Plaintiffs in violation of said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 20-24 above.

CLAIM IV: **Separate Benefit**

38.    Defendants' photographs discriminate against Plaintiffs in violation of 42 United States Code 12182(b)(2)(A)(iii) and 42 U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against Plaintiffs in violation of said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 20-24 above.

CLAIM V: **Integrated Settings**

39.    Defendants' rental services are not integrated for Plaintiffs and people with disabilities in violation of 42 United States Code 12182(b)(1)(B) and 42 U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against Plaintiffs in violation of said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 20-24 above.

CLAIM VI: **Failure To Modify Practices, Policies And Procedures**

40.    Defendants failed and refused to provide a reasonable alternative by

24

modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to accommodate Plaintiff Club, its Club members, the individual named Plaintiff, and/or others similarly situated in utilizing Defendants' rental services, at its websites and its office at the Property, in violation of 42 United States Code 12182(b)(2)(A)(ii) and 42 U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against Plaintiffs in violation of said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 18-26 above.

CLAIM VII: **Failure To Remove Architectural And Communication Barriers**

41.    Plaintiffs allege that Defendants failed to remove architectural barrier and communication barriers as required in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12182. Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against the named Individual Plaintiff in violation of said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 8,9,20-24,25,26 above. The named Individual Plaintiff personally reviewed all the information and photographs of Defendants' property.  As a result, the named Individual Plaintiff has actual knowledge of the physical and communication barriers that exist at Defendants' Property.  The named Individual Plaintiff determined that the physical barriers that exist at Defendants' property, directly relate to his disabilities, and make it impossible or extremely difficult for him to physically access Defendants' on-site rental services at the Property.  The named Individual Plaintiff was deterred by his actual knowledge of the physical and communication barriers that exist at Defendants' Property which include but are not limited to the barriers to facilities for disabled parking, exterior path of travel to the office, the office entrance, and office interior, since said Defendants' facilities were not accessible because they failed to comply with the Federal ADA Accessibility

COMPLAINT
CASE #

Guidelines ("ADAAG") and California's Title 24 Building Code Requirements. See ¶¶ 25 for details.  The named Individual Plaintiff had actual knowledge of these barriers and determined that it would be futile gesture for him to go to the Property. The named Individual Plaintiff is currently deterred from returning due to his knowledge of the barriers.  At the end of this action, the named Individual Plaintiff intends to return to Defendants' physical rental office location to obtain rental information and verify that the communication and physical barriers to Defendants' rental services are removed.   Defendants failure to remove the barriers to equal access constitutes discrimination against the named Individual Plaintiff.

CLAIM VIII: **Failure To Make Alterations Readily Accessible And Usable**

42.    Defendants are required to make alterations to their facilities in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs pursuant to 42 U.S.C. §12183(a)(2).  Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, the named Plaintiffs are informed, believe, and thereon allege that Defendants violated this provision.  Plaintiffs allege that Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Plaintiffs allege tht Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

CLAIM IX: **Administrative Methods**

43.    Plaintiffs are informed, believe, and thereon allege that Defendants contract with website providers without making sure that the websites will be accessible to people with disabilities in violation of 42 United States Code 12182(b)(1)(B) and 42

26

U.S.C. § 12188. Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against the named Individual Plaintiff in violation of said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶18-26 above.

CLAIM X: **Screen Out**

44.     Plaintiffs are informed, believe, and thereon allege that Defendants screened out Plaintiffs and other people with disabilities in violation of 42 United States Code 12182(b)(2)(A)(i) and 42 U.S.C. § 12188.  Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against the named Plaintiffs in violation of said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 8 - 26 above.  Defendants screened out the named Plaintiffs from its rental services and processes, because Defendants failed to remove architectural and communication barriers to its website and physical office, failed to provide required effective alternate communication methods, and failed to provide required auxiliary aids.

CLAIM XI: **Denial Of Full And Equal Access**

45.     Defendants are required to provide full and equal access to Defendants' rental services, goods, facilities, privileges, advantages, or accommodations pursuant to 42 United States Code 12182(b) and 42 U.S.C. § 12188.  Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against the named Plaintiffs in violation of said provision. Plaintiffs set forth the factual basis for this claim most specifically at ¶¶ 8 - 26 above.

CLAIM XII:  **Failure To Investigate And Maintain Accessible Features**

46.     Defendants made repairs and administrative changes which violated ADA and

COMPLAINT
CASE #

its regulations. See ADA Title III Regulations Sec.36.211 Maintenance of accessible features.  Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Defendants failed to provide and then maintain any accessible features in its parking, path of travel, rental office services and website rental services.  Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against the named Plaintiffs in violation of this provision.

CLAIM XIII:  **Association**

47.    Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, Plaintiffs are informed, believe, and thereon allege that Defendants discriminated against the named Plaintiffs in violation of 42 U.S.C. § 12182(b)(1)(E)

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

FOURTH CAUSE OF ACTION: ONLY THE INDIVIDUALL NAMED PLAINTIFF AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

48.    Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, the named Individual Plaintiff was denied full and equal access to Defendants' goods. services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54, 54.1, and specifically 54.1(d). The factual basis for this claim is at 18-28 above.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

49.    Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, the named Individual Plaintiff was denied full and equal access to Defendants' goods. Defendants failed and refused to provide a reasonable alternative by modifying its

28

practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff Members and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.  The factual basis for this claim is at 18-28 above.

CLAIM III: **Violation Of The Unruh Act**

50.     Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, the individual, the named Individual Plaintiff was denied full and equal access to Defendants' goods. Defendants violated the CA Civil Code § 51 by specifically failing to comply with Civil Code §51(f).  Defendants' facility violated state disability laws, the ANSI Standards, A117, and California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities. Defendants did and continue to discriminate against Plaintiff Members in violation of Civil Code §§ 51(f), and 52. The factual basis for this claim is at 18-28 above.

**Treble Damages Pursuant To California Accessibility Laws**

51.     Based on the facts plead at ¶¶ 8 - 26 above and elsewhere in this complaint, only the named Individual Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a).  Defendants, each of them respectively, at times prior to and including the day the named Individual Plaintiff attempted patronized Defendants' facilities and rental services, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access.  Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by the named Individual Plaintiff.  Defendants, and each of them, have failed and refused to take action to grant full and equal access to the individual Plaintiff in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or

COMPLAINT
CASE #

correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities and rental services accessible pursuant to the ADAAG and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants in conscious disregard of the rights and/or safety of the named Individual Plaintiff justify an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

### DEMAND FOR JUDGMENT FOR RELIEF:

A.      All named Plaintiffs seeks injunctive relief pursuant to 42 U.S.C. 3613(c) and 42 U.S.C. § 12188(a). Only the named Individual Plaintiff seeks injunctive relief pursuant to CA Civil Code §52. Pursuant to 42 U.S.C. 3613(c), all Plaintiffs request this court to enjoin Defendants to cease their discriminatory practices in housing rental services, rental housing management services, and for Defendants to implement written policies and methods to respond to reasonable accommodation and reasonable modification requests. Pursuant to 42 U.S.C. § 12188(a), Plaintiffs request this Court enjoin Defendants to remove all barriers to equal access to the disabled Plaintiffs in, at, or on their facilities, including but not limited to architectural and communicative barriers in the provision of Defendants' rental services. Plaintiffs do not seek injunctive relief pursuant to Cal. Civil Code §55 and Plaintiffs do not seek attorneys' fees pursuant to Cal. Civil Code §55. Plaintiffs do not seek any relief at all pursuant to Cal. Civil Code §55.

B.      All named Plaintiffs seek actual damages pursuant to 42 U.S.C. 3613(c). However, Plaintiff Club only seeks damages for itself. Plaintiff Club does not seek damages on behalf of its members;

C.   Only the named Individual Plaintiff seeks recovery of actual damages pursuant to Cal. Civil Code §§ 52 or 54.3;

30

D.      Only the named Individual Plaintiff seeks $4,000 in minimum statutory damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, pursuant to Munson v. Del Taco, (June 2009) *46 Cal. 4th 661*;

E.      In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph C above, only the named individual Plaintiff seeks $1,000 in minimum statutory damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1;

F.      All named Plaintiffs seek attorneys' fees pursuant to 42 U.S.C. 3613(c)(2), 42 U.S.C. § 12205, and Cal. Civil Code §§ 52, 54.3;

G.      Only the named individual Plaintiff seeks treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

H.      The named Plaintiffs are seeking perspective injunctive relief to require the Defendants to provide obvious reasonable accommodations, to provide the required auxiliary aids and to modify Defendants' procedures, practices, and policies of the Defendants in the provision of Defendants' rental services. Without perspective relief the Plaintiffs will suffer future harm.

I.      All named Plaintiffs seek a Jury Trial and;

J.      For such other further relief as the court deems proper.

Respectfully submitted:

Dated:  April 26, 2021

LAW OFFICES OF DAVID C. WAKEFIELD

By:     /s/David C. Wakefield
        DAVID C. WAKEFIELD, ESQ.
        Attorney for Plaintiffs

31

COMPLAINT
CASE #